UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER L. SCRUGGS, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-692-PPS-JPK |
| MOODY, et al., | |
| Defendants. | |

OPINION AND ORDER

Christopher L. Scruggs, a prisoner without a lawyer, filed a 41-page complaint with an additional 40 pages of exhibits against 20 separate defendants alleging a staggering array of problems related to the food service at Westville Correctional Facility. ECF 2. Scruggs suffers from a peanut allergy, diabetes, high blood pressure, heart problems, and other conditions. He complains about the time when food is delivered. He complains that food is sometimes rotten or inedible. He complains that he does not get the amounts and types of food he should get. He complains that he is sometimes served the same things multiple times in a row. He complains about receiving what he calls a "finger food retaliation tray." *Id.* at 32. He complains about the kitchen where his meals are being made; he believes that, due to his peanut allergy, his meals should be prepared in a separate, peanut-free kitchen. He believes that some of the defendants have refused to provide him with the correct food in retaliation for exercising his First Amendment rights. And, he believes that the food is better in

Indiana prisons that are populated by predominately white inmates, and worse in facilities that are populated by predominately black inmates.

On three occasions between February 5, 2022, and July 6, 2023, Scruggs became ill after receiving trays that were contaminated with peanut butter or peanut oil. On two occasions during this same time, he received holiday trays that included a peanut butter dessert or cookie, and he believes that this was done in retaliation for exercising his First Amendment rights, either to cause him harm or so that he could not enjoy the superior food offered for holidays. Due to these incidents, Scruggs stopped accepting meal trays and began consuming only food purchased from commissary. But, the food available from commissary is not healthy, and this too adversely impacted Scruggs' multiple health problems. So, on August 6, 2023, Scruggs decided to stop eating. The next day he placed a motion for preliminary injunction in the mail. ECF 6. In his motion, Scruggs asks for an order that his food be prepared in the WCF Diet Kitchen and that it be covered with plastic wrap to protect his food against contamination and tampering.

As an initial matter, the Federal Rules of Civil Procedure require that Scruggs present his claims with sufficient clarity "to avoid requiring a district court or opposing party to forever sift through its pages" to determine whether it states a claim. *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990); *see also United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) (federal pleading standards "require[] parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud"). To this end, Rule 8 of the Federal

2

Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

Scruggs' amended complaint is neither short nor plain. It contains a copious amount of detail about the food he has received from day to day during the relevant time, the perceived shortcomings of his food, and his theories about why the incidents occurred. It is repetitive and full of explanations of his legal theories of liability related to his allegations– which include but are not limited to violations of the Eighth Amendment, Rehabilitation Act, First Amendment, and Equal Protection Clause. The way he has drafted the complaint is cumbersome and makes it difficult to discern the exact contours of his claims. Scruggs is not required to include every potential fact or prove his claims at this stage. As the Seventh Circuit has explained:

> Plaintiffs need not lard their complaints with facts; the federal system uses notice pleading rather than fact pleading . . . It is enough to lay out a plausible grievance. A prisoner's statement that he repeatedly alerted medical personnel to a serious medical condition, that they did nothing in response, and that permanent injury ensued, is enough to state a claim on which relief may be granted.

*Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009).

I will not attempt to screen the lengthy and cumbersome complaint currently before me because it does not comply with the Federal Rules of Civil Procedure. However, Scruggs has filed a motion for preliminary injunction asserting he is in danger because he has decided to stop eating as a result of the perceived wrongs that have occurred, and I will address the request for preliminary injunctive relief briefly.

3

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original) (quotation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

On the first prong, "the applicant need not show that [he] definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id*. at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id*. at 763 (quotation marks omitted). In assessing the merits, the court does not simply "accept [the plaintiff's] allegations as true, nor do[es] [it] give him the benefit of all reasonable inferences in his favor, as would be the case in evaluating a motion to dismiss on the pleadings." *Doe v. Univ. of S. Indiana*, 43 F.4th 784, 791 (7th Cir. 2022). Instead, the court must assess the merits as "they are likely to be decided after more complete discovery and litigation." *Id.*

On the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. Mandatory preliminary injunctions—

4

"those requiring an affirmative act by the defendant"—are "cautiously viewed and sparingly issued." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (citation omitted). Additionally, in the prison context, the court's ability to grant injunctive relief is significantly circumscribed; any remedial injunctive relief "must be narrowly drawn, extend no further than necessary to remedy the constitutional violation, and use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012) (citations and internal quotation marks omitted); *see also Rasho v. Jeffreys*, 22 F.4th 703, 711-13 (7th Cir. 2022) (outlining the strict limitations on granting injunctive relief in the correctional setting).

The incidents that Scruggs describes are unfortunate; he should be able to rely upon the prison to provide meals that do not contain peanuts. But, he has described three incidents where peanut butter or peanut oil is believed to have accidently contaminated his food and two incidents where someone deliberately placed an item with identifiable peanut butter on his trays, which he did not eat.

The three errors Scruggs describes appear to be just that - mistakes. Negligence generally states no claim upon which relief can be granted in a § 1983 action. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994) ("Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment."). As for the alleged deliberate placement of peanut butter desserts on his trays, it is unclear why Scruggs believes these occurrences were deliberate or done in retaliation for exercising his First Amendment rights. Because his allegations appear to be based on negligence, speculation, or both, he has not demonstrated a reasonable

5

likelihood of success on the merits of any claim he may have for injunctive relief to receive food free from peanuts.

Scruggs alleges that he will suffer irreparable harm in the absence of an injunction because he has stopped eating. Scruggs does not allege that he is unable to obtain regular meals that are generally peanut free from the prison when he is ready to resume eating, or that he is unable to purchase food from commissary. Rather, he alleges that he has stopped eating because he wants wholesome peanut-free food served in accordance with his own terms. The irreparable harm here is caused by Scruggs' own decision to not eat, and my intervention is not necessary to resolve that harm.

Furthermore, the relief Scruggs seeks – that his food be prepared in a separate kitchen and covered with plastic wrap – is not narrowly tailored. Scruggs can't dictate the details of how food is prepared or delivered. Thus, I conclude that Scruggs has not demonstrated that the injunctive relief he seeks is warranted. However, because Scruggs has stopped eating, which is particularly concerning given that he suffers from diabetes, I will direct the clerk's office to FAX or email the Warden of the Westville Correctional Facility a copy of this order so he is aware of Scruggs' choice.

If Scruggs decides to file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint." He needs to write a *SHORT AND PLAIN STATEMENT* explaining what happened to him in his own words. He should avoid needless

repetition of his allegations. He needs to include dates and explain what each defendant did wrong. He needs to use each defendant's name every time he refers to that defendant. And, he needs to limit his complaint to related claims. "Unrelated claims against different defendants belong in different suits . . .." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). However, he should *not* quote from cases or statutes, use legal terms, or make legal arguments. Once Scruggs has properly completed the amended complaint, he needs to send it to the court and it will be screened in due course.

For these reasons, the court:

(1) DIRECTS the clerk to fax or email a copy of this order to the Warden of the Westville Correctional Facility, so he is aware that Scruggs has stopped eating;

(2) DIRECTS the clerk to make a docket notation upon receiving confirmation of receipt of those deliveries

(3) DENIES the motion for preliminary injunction (ECF 6);

(4) GRANTS Christopher L. Scruggs until **September 15, 2023**, to file a short and plain amended complaint, as described in this order; and

(5) CAUTIONS Christopher L. Scruggs that, if he does not respond by the deadline, this case will be dismissed without further notice because it does not comply with the Federal Rules of Civil Procedure.

ENTERED:  August 14, 2023.

/s/   Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT