UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER L. SCRUGGS,

Plaintiff,

v.                                    CAUSE NO. 3:23-CV-692-JD-MGG

MOODY, et al.,

Defendants.

OPINION AND ORDER

Christopher L. Scruggs, a prisoner without a lawyer, filed an amended

complaint. ECF 14. "A document filed *pro se* is to be liberally construed, and a *pro se*

complaint, however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

(quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the

court must review the merits of a prisoner complaint and dismiss it if the action is

frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks

monetary relief against a defendant who is immune from such relief.

In the amended complaint, Scruggs asserts Eighth Amendment claims of

deliberate indifference to serious needs against twenty-four defendants with respect to

his medical and basic dietary needs. These defendants are Nurse Livers, Nurse York,

Nurse Allen, Nurse Kieper, Nurse Nicole, Nurse Eken, Nurse Emeregbo, Nurse Rogers,

Nurse Jacobs, Kitchen Worker Moody, Supervisor English, Case Manager Cornett,

Major Cornett, Warden Galipeau, Deputy Warden Gann, Lieutenant Jones, Lieutenant

Livers, Lieutenant Crittenton, Lieutenant Reeds, Lieutenant Rojo, Captain Lewis, Sergeant Vasquez, Sergeant McGorawin, and Sergeant Brandon Williams. The allegations pertain to his time at the Westville Control Unit from February 5, 2022, to July 6, 2023. The twenty-four defendants consist of correctional staff employed by the Indiana Department of Correction, medical staff employed by Centurion Health, and food service staff employed by Aramark.[1] A central component of his allegations is that he suffers from diabetes, which requires careful management of his blood sugar levels through blood sugar checks, insulin shots, and food intake at regular intervals. According to Scruggs, failure to properly manage his condition can result in muscle soreness, leg pain, internal pain, dizziness, swelling, nausea, vomiting, and fainting spells. He also suffers from high blood pressure and an irregular heartbeat.

For deliberate indifference claims under the Eighth Amendment, "the alleged conditions must be objectively serious enough to amount to a constitutional deprivation, and the defendant prison official must possess a sufficiently culpable state of mind." *Smith v. Dart*, 803 F.3d 304, 309–10 (7th Cir. 2015). "An adverse condition amounts to a constitutional deprivation when it results in the denial of a basic human need, such as adequate food, clothing, shelter, and medical care." *Id.*

Scruggs alleges that the twenty-four defendants have failed to provide him food at appropriate intervals and in coordination with his insulin shots (or, with respect to the Medical Defendants, failed to provide him insulin shots in coordination with his

---

[1] For ease of reference, the court will refer to these groups of defendants as the Correctional Defendants, the Medical Defendants, and the Aramark Defendants.

food). He maintains that his diabetic condition requires these accommodations. He further alleges that, on most days, he is served breakfast sixteen to nineteen hours after his last meal of the prior days. Scruggs may proceed on a claim that these defendants acted with deliberate indifference to his diabetic condition by failing to provide him with food and insulin shots in coordination with each other.[2] It further appears that Scruggs intends to assert a separate claim against these defendants for failing to provide him with food at appropriate intervals not in relation to his diabetic condition but in relation to his basic dietary needs as a human being. He may also proceed on this claim at this stage of the proceedings.

Scruggs also alleges that staff gave him kosher salt eggs to address his complaints about not receiving food with insult shots. On April 11, 2023, Scruggs told Nurse Nicole, Nurse Jacobs, Case Manger Cornett, Lieutenant Crittendon, Captain Lewis, Kitchen Worker Moody, and Supervisor English that the kosher salt eggs caused him high blood pressure, chest pain, and high cholesterol, but they continued to provide them. Scruggs may proceed on a claim that these defendants acted with deliberate indifference to his medical condition by failing to provide him with *appropriate* food and insulin shots in coordination with each other.

---

[2] Scruggs may also be alleging that some Medical Defendants retaliated against him for his complaints in violation of the First Amendment by administering insulin at even more inappropriate intervals, but such misconduct would also amount to deliberate indifference. Proceeding on different constitutional theories based on the same facts is redundant. *See Williams v. Snyder*, 150 F. App'x 549, 552 (7th Cir. 2005) ("The remainder of Williams's substantive legal theories . . . warrant little discussion [b]ecause they all involve the same set of facts . . . they would be redundant even if we found that he stated a claim.); *Conyers v. Abitz*, 416 F.3d 580, (7th Cir. 2005) (dismissing claims based on same circumstances because the claim "gains nothing by attracting additional constitutional labels"); *Graham v. Connor*, 490 U.S. 386, 395 (1989) (Analyzing allegations under the most "explicit source[s] of constitutional protection.").

Next, Scruggs alleges that he has a peanut allergy and that correctional staff have continued to have his meals prepared in the kitchen in the Westville Control Unit where his meals are contaminated with peanuts or peanut products. He alleges that he suffered an allergic reaction on April 9, 2023, and that after he told Nurse Nicole, Nurse Jacobs, Nurse York, Nurse Allen, Lieutenant Crittendon, Captain Lewis, Kitchen Worker Moody, Supervisor English, and Case Manager Cornett, they continued to have his meals prepared in the same kitchen, and he suffered two more allergic reactions. Scruggs may proceed on a claim of deliberate indifference to his peanut allergy against these defendants.

Additionally, Scruggs seeks an injunction requiring prison staff to provide him with appropriate food and insulin at appropriate times. For prisoner cases, the court has limited authority to order injunctive relief. *Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012). Specifically, "the remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right." *Id.* Scruggs may proceed on this injunctive relief claim against Warden Galipeau in his official capacity.

Scruggs further alleges that Grievance Officer Shannon Smith's failure to process his grievances infringes upon his First Amendment right to free speech because it prevents him from communicating with the Warden and the central office for the Indiana Department of Correction. As Scruggs acknowledges, he has no constitutional right to access the grievance process. *See Grieveson v. Anderson*, 538 F.3d 763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due process

right to an inmate grievance procedure). He indicates, however, that his claim is not about his inability to access the grievance process but about his speech not making it to the intended recipient. The First Amendment does not guarantee Scruggs unfettered access to prison officials to communicate his many grievances. Scruggs has also alleged that he has conveyed some of his concerns to Warden Galipeau and alleges no impediment to contacting central office through other means. Because destruction or mishandling of grievances does not, by itself violate the First Amendment, Scruggs will not be permitted to proceed on this claim.

Finally, Scruggs alleges that correctional staff failed to conduct wellness checks when he suffered allergic reactions and diabetic episodes. Because he does not know the identity of the correctional officers that failed to conduct wellness checks, he names several State defendants in their supervisory capacity. However, there is no supervisory liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). Therefore, Scruggs may not proceed on this claim.

Scruggs is not proceeding in forma pauperis. Therefore, the court will not serve the defendants pursuant to 28 U.S.C. § 1915(d). Rather, it is his obligation to serve the defendants with a copy of the complaint and this screening order as provided by Federal Rule of Civil Procedure 4.

For these reasons, the court:

(1) GRANTS Christopher L. Scruggs leave to proceed on an Eighth Amendment claim for compensatory and punitive damages against Nurse Livers, Nurse York, Nurse Allen, Nurse Kieper, Nurse Nicole, Nurse Eken, Nurse Emeregbo, Nurse Rogers, Nurse

Jacobs, Kitchen Worker Moody, Supervisor English, Case Manager Cornett, Major Cornett, Warden Galipeau, Deputy Warden Gann, Lieutenant Jones, Lieutenant Livers, Lieutenant Crittenton, Lieutenant Reeds, Lieutenant Rojo, Captain Lewis, Sergeant Vasquez, Sergeant McGorawin, and Sergeant Brandon Williams in their individual capacities for acting with deliberate indifference to his diabetic condition by failing to provide him with food at appropriate intervals and in coordination with his insulin shots from February 5, 2022, to July 6, 2023;

(2) GRANTS Christopher L. Scruggs leave to proceed on an Eighth Amendment claim for compensatory and punitive damages against Nurse Livers, Nurse York, Nurse Allen, Nurse Kieper, Nurse Nicole, Nurse Eken, Nurse Emeregbo, Nurse Rogers, Nurse Jacobs, Kitchen Worker Moody, Supervisor English, Case Manager Cornett, Major Cornett, Warden Galipeau, Deputy Warden Gann, Lieutenant Jones, Lieutenant Livers, Lieutenant Crittenton, Lieutenant Reeds, Lieutenant Rojo, Captain Lewis, Sergeant Vasquez, Sergeant McGorawin, and Sergeant Brandon Williams in their individual capacities for acting with deliberate indifference to his basic dietary needs by failing to provide him with food at appropriate intervals from February 5, 2022, to July 6, 2023;

(3) GRANTS Christopher L. Scruggs leave to proceed on an Eighth Amendment claim for compensatory and punitive damages against Nurse Nicole, Nurse Jacobs, Case Manger Cornett, Lieutenant Crittendon, Captain Lewis, Kitchen Worker Moody, and Supervisor English for acting with deliberate indifference to his medical condition by providing him salt eggs in coordination with his insulin shots from April 7, 2023, to July 6, 2023;

6

(4) GRANTS Christopher L. Scruggs leave to proceed on an Eighth Amendment claim for compensatory and punitive damages against Nurse Nicole, Nurse Jacobs, Case Manger Cornett, Lieutenant Crittendon, Captain Lewis, Kitchen Worker Moody, and Supervisor English for acting with deliberate indifference to his medical condition by failing to properly accommodate his peanut allergy from April 9, 2023, to July 6, 2023;

(5) GRANTS Christopher L. Scruggs leave to proceed against Warden Galipeau in his official capacity to appropriate food and insulin shots at appropriate times to the extent required by the Eighth Amendment;

(6) DISMISSES Shannon Smith;

(7) DISMISSES all other claims;

(8) DIRECTS Christopher L. Scruggs to make arrangements to serve Nurse Livers, Nurse York, Nurse Allen, Nurse Kieper, Nurse Nicole, Nurse Eken, Nurse Emeregbo, Nurse Rogers, Nurse Jacobs, Kitchen Worker Moody, Supervisor English, Case Manager Cornett, Major Cornett, Warden Galipeau, Deputy Warden Gann, Lieutenant Jones, Lieutenant Livers, Lieutenant Crittenton, Lieutenant Reeds, Lieutenant Rojo, Captain Lewis, Sergeant Vasquez, Sergeant McGorawin, and Sergeant Brandon Williams; and

(9) ORDERS, under 42 U.S.C. § 1997e(g)(2), Nurse Livers, Nurse York, Nurse Allen, Nurse Kieper, Nurse Nicole, Nurse Eken, Nurse Emeregbo, Nurse Rogers, Nurse Jacobs, Kitchen Worker Moody, Supervisor English, Case Manager Cornett, Major Cornett, Warden Galipeau, Deputy Warden Gann, Lieutenant Jones, Lieutenant Livers,

Lieutenant Crittenton, Lieutenant Reeds, Lieutenant Rojo, Captain Lewis, Sergeant Vasquez, Sergeant McGorawin, and Sergeant Brandon Williams to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on August 2, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT